# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Justin T. Quinn |
| v. | : | Mag. No. 25-6019 |
| GABRIEL PEREZ | : | **ORDER FOR CONTINUANCE** |

    1.    This matter came before the Court on the joint application of Alina Habba, United States Attorney for the District of New Jersey (Matthew J. Belgiovine, Assistant U.S. Attorney, appearing), and Defendant Gabriel Perez (Ray Mateo, Esq. appearing), for an order granting a continuance under 18 U.S.C. § 3161(h)(7)(A) through August 31, 2025.

    2.    This Court granted two § 3161(h)(7)(A) continuance previously in this case.

    3.    Counsel for the parties represented that this continuance is necessary for effective preparation and to permit the parties to attempt to resolve this case prior to indictment and thereby avoid a trial.

    4.    Counsel for the United States also represented that this continuance is necessary to prevent any more non-excludable days under § 3161(h) from expiring.

    5.    The defendant knows that he has the right under § 3161(b) to have this matter submitted to a grand jury within thirty days after his arrest.

    6.    The defendant, through counsel, has consented to this continuance.

7.    FOR GOOD CAUSE, THIS COURT FINDS that this case should be continued for the following reasons:

    a.    The pre-indictment discovery the United States is voluntarily providing the defendant involves documents that defense counsel requires adequate time to review. Despite the exercise of diligence, therefore, the circumstances of this case require giving defense counsel a reasonable amount of additional time for effective preparation.

    b.    Plea negotiations are currently in progress, and both the United States and the defendant desire additional time to negotiate a plea agreement, which would render grand jury proceedings and a trial in this matter unnecessary.

    c.    Thus, the ends of justice served by granting the continuance and preventing any further non-excludable days from passing under § 3161(h) outweigh the best interest of the public and the defendant in a speedy trial.

IT IS, therefore:

ORDERED that this action is continued from July 2, 2025 through August 31, 2025; and it is further

ORDERED that those days are excluded in computing time under the Speedy Trial Act of 1974; and it is further

ORDERED that nothing in this Order or the application prompting it is a finding or representation that less than 31 non-excludable days under § 3161(h) have expired.

_____
HON. JUSTIN T. QUINN
United States Magistrate Judge

Dated: 7/2/2025

Form and entry consented to:

/s/ Matthew J. Belgiovine/r/ Ray Mateo//mjb
Matthew J. BelgiovineRay Mateo, Esq.
Assistant U.S. AttorneyCounsel for Gabriel Perez


/s/ Martha K. Nye//mjb
Martha K. Nye
Attorney-in-Charge
Trenton Branch Office